UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOYCE HIPPS,  )<br>)<br>Plaintiff,  )<br>)<br>Vs.  )<br>)<br>LVNV FUNDING, LLC.,  )<br>)<br>Defendant.  ) | Case no.<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

COMES NOW Plaintiff Joyce Hipps, by and through her undersigned counsel, and for her Complaint against Defendant LVNV Funding, LLC., ("Defendant") states to the Court as follows:

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter the "FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

### II. JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the Fair Debt Collection Practices Act, 15 U.S.C § 1692(k) and 28 U.S.C. §1331. This Court has subject matter jurisdiction over Plaintiff's state claims pursuant to 28 U.S.C. §1337.

3. This Court has jurisdiction over Defendant by virtue of the fact that it is engaged in the business of collecting debts within this judicial district.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391.

### III. PARTIES

5. Plaintiff Joyce Hippos (nee St. John) is an individual residing in Franklin County, Missouri.

6. Plaintiff is a "consumer" as that term is defined by §1692a(3) of the FDCPA.

7. Upon information and belief, Defendant LVNV Funding, LLC., is a Delaware limited liability company engaged in the business of collecting consumer debts throughout the United States, and in particular, in the state of Missouri and within the Eastern District of Missouri, whose principle place of business is located at 15 S. Main Street, Greenville, S.C. 29601. Defendant is a "debt collector" within the meaning of 15 U.S.C 1692a(6).

8. Defendant regularly purchases debts allegedly owed by Missouri residents, and attempts to collect these alleged debts by filing lawsuits in various counties within the state of Missouri.

### FACTS COMMON TO ALL COUNTS

9. On or about February 21, 2012, Defendant filed a lawsuit against Plaintiff in the Circuit Court of Franklin County, Missouri, case no. 12AB-AC00401, seeking to recover an alleged debt in the amount of $999.50, plus interest from 2007 arising from an old credit card account with Citibank. A copy of that lawsuit is marked Exhibit A, attached hereto and incorporated herein by reference.

10. Thereafter, Plaintiff's undersigned attorney defended Plaintiff (the Defendant in the underlying state court case) by filing an answer and serving requests for Production on Defendant in the state court action.

11. Upon realizing that Plaintiff herein would defend herself in the underlying state court action, Defendant voluntarily dismissed its case without prejudice on June 18, 2102.

## COUNT I

**Violation of the Fair Debt Collection Practices Act (15 U.S.C. §1692 *et seq*)**

COMES NOW Plaintiff, by and through her undersigned counsel, and for Count I of her Complaint against Defendant Asset Acceptance, LLC., states as follows:

12. Plaintiff repeats and incorporates the allegations set forth in the paragraphs above as if set forth in full herein.

13. Defendant has violated the Fair Debt Collection Practices Act by pursuing collection activities in the underlying state court action in the following respects:

a. Defendant violated 15 U.S.C. §1692e(15) by using a false representation or deceptive means to collect a debt that was uncollectable as a matter of law;

b. Defendant violated 15 U.S.C. §1692e(15) by using a false representation or deceptive means to collect a debt by falsely stating that Plaintiff is indebted to Defendant in the amount of $999.50 plus interest, despite not having sufficient documents related to the account in its possession when it filed the prior case, nor the ability or intention of obtaining documents thereafter necessary to verify the account;

c. Defendant violated 15 U.S.C. §§1692e(10) and 1692e(5) by filing a time barred lawsuit against Plaintiff;

d. Defendant violated 15 U.S.C. §1692f by attempting to collect an amount (including interest, fees, charges or expenses incidental to the principle obligation) without any agreement for such charges creating the debt or permitted by law.

WHEREFORE as a result of the above violations of the Fair Debt Collection Practices Act, Plaintiff prays for judgment in favor of Plaintiff and against Defendant for her actual and statutory damages, attorney's fees and costs incurred herein and for such other relief as this Court may deem appropriate under the circumstances.

## COUNT II

### Malicious Prosecution

COMES NOW Plaintiff and as and for this Count II states to the Court as follows:

14. Plaintiff incorporates herein the foregoing paragraphs 1 through 13 with the same force and effect as if set forth herein at length.

15. The prior Franklin County lawsuit was terminated in Plaintiff's favor when Defendant abandoned its case against Plaintiff and voluntarily dismissed its case after Plaintiff requested that Defendant produce documents related to the debt.  Rather than provide any information related to the account, Defendant dismissed the state collection action.

16. Defendant had no probable cause for the prosecution of its case in Franklin County, in that Defendant did not have sufficient documents related to the account in its possession when it filed the prior case, nor the ability or intention of obtaining documents thereafter necessary to verify the account or prove its case in court.  In addition, the collection of this debt was time barred under Missouri law.

17. Defendant acted with malice and an improper and wrongful motive when it filed its prior lawsuit against Plaintiff, knowing that it could not recover for the alleged debt.   Defendant has a practice in this state of dismissing any collection lawsuit it files once a Defendant requests that Plaintiff provide information related to an account

18. As a result of Plaintiff's malicious prosecution, Defendant has suffered emotional distress, humiliation, embarrassment and the general impairment of her social standing and reputation, and other damages undetermined at the time of filing of this action.

19. Plaintiff's conduct in maliciously prosecuting the prior state court action against Plaintiff has been done with malice and ill will, and with a conscious and reckless disregard for the rights of Plaintiff which entitle Plaintiff to an additional award of punitive damages.

WHEREFORE, Plaintiff respectfully prays that this Court enter a judgment against Defendant in this Count II for actual damages, punitive damages to be determined by the jury in a sufficient amount to deter Defendant from such conduct in the future, for cost of this action, reasonable attorneys' fees, and any and all such additional and further relief as this Court deems just or proper under the circumstances.

Respectfully submitted,

*[signature]*

Dennis M. Devereux #33478 MO
Attorney for Defendant
7 Pines Court, Suite C
St. Louis, MO  63141
314-579-2450
314-579-2455 fax
*devereuxdennis@yahoo.com*



# IN THE 20TH JUDICIAL CIRCUIT COURT, FRANKLIN COUNTY, MISSOURI



| Judge or Division: <br> DAVID L HOVEN | Case Number: 12AB-AC00401 |
|---|---|
| Plaintiff/Petitioner: <br> LVNV FUNDING LLC ASSIGNEE OF CITIBANK <br> vs. | Plaintiff/Petitioner's Attorney/Address: <br> JOHN BROCK ROWATT <br> P O BOX 480707 <br> KANSAS CITY, MO  64148-0707 <br> (816) 361-4848 |
| Defendant/Respondent: <br> JOYCE ST JOHN  402 E. Park #9E <br> Nature of Suit: <br> AC Breach of Contract | Date, Time and Location of Court Appearance: <br> 04-JUN-2012, 09:00 AM <br> DIVISION 6 <br> 401 EAST MAIN ST, RM 100A <br> UNION, MO  63084 |

(Date File Stamp)

## Associate Division Alias Summons

**The State of Missouri to:**  JOYCE ST JOHN
Alias:

402 E PARK AVE
APT 9E
UNION, MO  63084

**COURT SEAL OF**

You are summoned to appear before this court on the date, time, and location above to answer the attached petition. If you fail to do so, judgment by default will be taken against you for the relief demanded in the petition. You may be permitted to file certain responsive pleadings, pursuant to Chapter 517 RSMo. Should you have any questions regarding responsive pleadings in this case, you should consult an attorney.

If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.

4-30-12                                       Cynthia Stevenson
Date                                                Clerk

**FRANKLIN COUNTY**

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Service must not be made less than ten days nor more than sixty days from the date the Defendant/Respondent is to appear in court.
I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____                    _____
Printed Name of Sheriff or Server              Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

(Seal)   Subscribed and sworn to before me on _____ (date).
My commission expires: _____  _____
                             Date                                Notary Public

**Sheriff's Fees**
Summons              $ _____
Non Est              $ _____
Sheriff's Deputy Salary
Supplemental Surcharge  $  10.00
Mileage              $ _____  ( _____ miles @ $. _____ per mile)
Total                $ _____

**PLAINTIFF'S EXHIBIT A**

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

IN THE CIRCUIT COURT OF FRANKLIN COUNTY, MISSOURI
ASSOCIATE CIRCUIT DIVISION

| | | |
|---|---|---|
| LVNV FUNDING, LLC<br>Assignee of Citibank<br><br>     Plaintiff;<br><br>vs.<br><br>JOYCE ST JOHN<br>2054 HAPPY SAC RD<br>SAINT CLAIR MO 63077-3103<br><br><br><br><br><br>     Defendant(s). | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.<br>Division |



## PETITION
### COUNT I-ACCOUNT STATED

COMES NOW Plaintiff and for Count I of its Petitions against the Defendant(s) states as follows:

1. Citibank and Defendant(s) had previous transactions related to a credit card issued to Defendant(s) by Citibank, at Defendant's request.
2. Citibank sent Defendant monthly statements of account identifying Defendant's financial transactions related to use of the credit card, to which Defendant(s) did not object. Pursuant to the terms and conditions sent to Defendant(s) along with the credit card and governing its use, Defendant(s) made an unconditional promise to pay the amount due resulting from the use of said credit card.
3. Plaintiff is the holder of a valid assignment of the Defendant's Citibank account.
4. The balance of Defendant's account with Citibank (which is the balance agreed to by the parties) is $999.50.
5. Defendant(s) has failed to keep his/her promise to pay said balance, despite demand for same having been made on or before February 27, 2007, and the balance remains due and owing by Defendant to Plaintiff.

WHEREFORE, Plaintiff respectfully prays this Court enter judgment in favor of Plaintiff and against Defendant(s) on Count I in the sum of $999.50; plus interest at the rate 9% per annum from and after February 27, 2007, and for its costs and for such other and further relief as the court deems just and proper.

### COUNT II-BREACH OF CONTRACT

COMES NOW Plaintiff and for Count II of its Petition against the Defendant(s) states as follows:

6. Plaintiff restates and re-alleges each and every averment made in paragraph 1 through 5 of Count I of this Petition as if more fully set forth herein.
7. Citibank and Defendant(s) entered into a contract, whereby Citibank extended credit pursuant to the terms and conditions of a credit card agreement (the "Agreement") and

      Defendant(s), exchange for the use of the credit extended, agreed to pay Plaintiff for all amounts due resulting from the authorized use of Defendant's credit card, including any finance charges and any other charges due under the terms of Agreement.

8. Citibank fully abided by the terms and conditions as set forth in said Agreement.
9. Defendant(s) failed to make all payments to Citibank pursuant to the Agreement and is in default.
10. Defendant(s) breached the Agreement by failing to pay the amount owed.
11. Plaintiff is the holder of a valid assignment of the Defendant(s) Agreement withCitibank.
12. Plaintiff has fully performed, pursuant to the terms of the Agreement or its performance has been excused by Defendant's breach.
13. Plaintiff made demand for payment on or before February 27, 2007 of the outstanding balance, but Defendant(s) has failed and neglected to pay said balance.

WHEREFORE, Plaintiff respectfully prays this Court enter judgment in favor of Plaintiff and against Defendant(s) on Count II in the sum of $999.50; plus interest at the rate 9% per annum from and after February 27, 2007, and for its costs and for such further relief as the court deems just and proper.

                BERMAN & RABIN, P.A.
                *J. Brock Rowatt*

                Michael H. Berman, #21901
                mberman@bermanrabin.com
                J. Brock Rowatt, #43325
                browatt@bermanrabin.com
                P.O. Box 480707
                Kansas City, MO 64148
                (913) 649-1555
                Fax: (913) 649-2335
                ATTORNEY FOR PLAINTIFF

R096373-6

