UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JOYCE HIPPS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:12 CV 1297 DDN |
| | ) | |
| v. | ) | |
| | ) | |
| LVNV FUNDING, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM

This action is before the court on motion of defendant LVNV Funding, LLC, for summary judgment against plaintiff Joyce Hipps.  The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).  The court heard oral argument on October 28, 2013.

## I.  BACKGROUND

On July 20, 2012, plaintiff Joyce Hipps commenced this action against defendant LVNV Funding, LLC.  In her complaint, plaintiff alleges violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, et seq., and the Missouri state law claim of malicious prosecution.

Regarding the Count 1 FDCPA allegations, plaintiff specifically alleges that defendant violated the FDCPA in the following ways:

  a.  Defendant violated 15 U.S.C. § 1692e(15)[1] by using a false representation or deceptive means to collect a debt that was uncollectable as a matter of law;

---

[1] Section 1692e provides in relevant part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> * * *
> (15) The false representation or implication that documents are not legal process forms or do not require action by the consumer.

      b.      Defendant violated 15 U.S.C. § 1692e(15) by using false representation or deceptive means to collect a debt by falsely stating that Plaintiff is indebted to Defendant in the amount of $999.50, plus interest, despite not having sufficient documents related to the account in its possession when it filed the [state court collection action], nor the ability or intention of obtaining documents thereafter necessary to verify the account;

      c.      Defendant violated 15 U.S.C. §§ 1692e(10) and 1692e(5) by filing a time barred lawsuit against Plaintiff;[2]

      d.      Defendant violated 15 U.S.C. § 1692f[3] by attempting to collect an amount (including interest, fees, charges or expenses incidental to the principle obligation) without any agreement for such charges creating the debt or permitted by law.

(Doc. 1 at 3-4.) Plaintiff requests actual damages, statutory damages, punitive damages, attorney fees, and costs.

In Count 2, plaintiff invokes the common law of Missouri for malicious prosecution. She alleges that the underlying state collection was decided in her favor when defendant abandoned its case and voluntarily dismissed it after plaintiff requested from defendant documents related to her debt. Plaintiff also alleges that defendant had no probable cause for it suit, because it did not have sufficient documents, necessary to verify the account or to prove its case in court, nor the ability or the intention of obtaining such documents. Plaintiff alleges that the collection suit was time barred. Further, plaintiff alleges that defendant "acted with malice and an improper and wrongful motive when it filed its prior lawsuit against Plaintiff, knowing that it could not recover for the alleged debt." (Id. at 4.)

---

[2] Subsections of 1692e(5) and (10) provide:

    (5)    The threat to take any action that cannot legally be taken or that is not intended to be taken.

                                         * * *

    (10)    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

[3] Section 1692f provides in relevant part:

    A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . . .

## II.  MOTION FOR SUMMARY JUDGMENT

Defendant moves for summary judgment, arguing that it had a good faith belief, based upon "ample evidence and documentation" when it filed the collection action against plaintiff that the debt was collectible, that defendant filed the collection action within the statute of limitations, "that defendant had the ability to present this and other evidence gathered during discovery, in a court of law to support a judgment."  (Doc. 35 at 2.)  Defendant also argues that it sought only the statutory rate of interest.  (Id. at 10.)  Defendant also argues that plaintiff cannot establish that defendant lacked probable cause to file the debt collection action or that malice motivated its filing of the collection action against her. (Id.)

In her memorandum filed in opposition to defendant's motion for summary judgment, plaintiff characterized her FDCPA allegations as two claims: (1) defendant used a false representation or deceptive means to collect a debt by bringing the collection action against her with insufficient documents indicating the debt, and without the ability or intention of obtaining such documents; and (2) by filing a time-barred collection action against plaintiff.  (Doc. 39 at 1.)  Plaintiff's counsel reaffirmed this characterization of her claims at oral argument.  The court construes plaintiff's FDCPA allegations accordingly.

## III. FACTUAL BACKGROUND

The record establishes that the following facts are without genuine dispute.  Sherman Originator, LLC, is an affiliate of defendant that purchases delinquent credit accounts and transfers them to defendant.  (Doc. 34-1 at 4.)  Resurgent Capital Services is the master servicer and agent for defendant.  (Id.)

On or around April 6, 2006, Sherman Originator purchased certain accounts from Citibank, USA, N.A.  (Id. at 5.)  A bill of sale memorialized the purchase and included a receivables file that identified the accounts.  (Doc. 34-2 at 5, 7-19.)  The purchase and sales agreement included a subsection, entitled "Retrieval of Account Documents":

> After the Closing Date, the Bank will furnish Buyer at no charge with Account Documents that Buyer reasonably requests within 180 days of the Closing Date, up to a maximum number of Accounts Documents equal to [omitted dollar amount] of the Accounts purchased.  The Bank will charge [omitted dollar amount] for each Account Document furnished on Accounts in excess of the [omitted dollar amount] threshold, or requested after 180 days of the Closing

- 3 -

> Date, but prior to three years after the Closing Date. Except in instances of litigation unrelated to collection activity or accounts that are within the statute of limitations at the time requested, the Bank will have no obligation to provide Buyer with Account Documents after three years after the Closing Date.

(Doc. 45 at 10.) Thereafter, Sherman Originator transferred the account and the receivables file to defendant, as memorialized in a document captioned, "Declaration of Account Transfer." (Doc. 34-2 at 2-6.)

The Declaration of Account Transfer included a "Receivable File" which contained electronically stored documents generated by Citibank, identified as Exhibit A to the Account Transfer. Exhibit A contained electronic records of many account debtors, including the account of plaintiff Joyce Hipps, listing her as the debtor.[4] The information in this document stated the account number, plaintiff's street address, her social security number, the date the account was opened (April 18, 1999), and the date the creditor charged the account off (September 10, 2005). ( Doc. 32 at 16; Doc. 34-2 at 2, 7-19.)

The card at issue was a Sears credit card that belonged to plaintiff's husband James St. John opened in 1984, before they married. After plaintiff and he married, he added her to the card as an authorized user. (Doc. 34-3 at 8, 12.) Plaintiff's husband used the account to purchase goods, including a riding lawnmower, a weed trimmer, a washing machine, and a drying machine. (Id. at 13.) In November 2000, he died. (Doc. 34-3 at 2.) The receivables file indicated a charge off date of September 10, 2005. (Doc. 32 at 16.)

Defendant engaged NAFS, a third-party agency, to collect from plaintiff. (Doc. 34-2 at 3.) According to Resurgent Capital Services' records, plaintiff made 9 monthly payments on the account from June 29, 2006 to February 27, 2007, totaling about half the principal debt.[5] (Doc. 32 at 7, Doc. 34-3 at 19-20.) She testified she made these payments because she felt morally obligated to fulfill Mr. St. John's wishes. (Doc. 34-3 at 20.)

---

[4] Specifically, the receivables file identifies an account with "Joyce St. John" as the debtor. (Doc. 34-2 at 8.) Plaintiff used the name Joyce St. John from 1984 to 2001. (Doc. 34-3 at 2.)

[5] During her deposition, plaintiff denied that she made these payments. (Doc. 34-3 at 18-19.) According to plaintiff, she last paid on the account in 2003. (Doc. 34-3 at 16, 57.) However, the allegation that Resurgent Capital's records reflected such payments is undisputed.

There are several March 7, 2008, entries on the Account Event History of the Sears card account which indicate several facts: (1) "Verbal Validation Added" was entered by K. Carswell. (2) A conversation occurred on that date between the debtor and K. Carswell. In that conversation, among the facts stated were the debtor's current last name being indicated as "Hipps." The debt balance was $1060.85. Debtor shared the card with her husband. He passed away and she said she should not have to pay the entire account. She said is not paying the amount because she does not even have most of the purchased items anymore. That entry further indicates that Ms. Carswell advised Ms. Hipps about the dispute process. (Doc. 34-1 at 6; Doc. 31 at 3.) Two other March 7, 2008 entries in the Account Event History indicate a dispute over the Sears account debt. (Doc. 31 at 8, 10, filed under seal.)

On February 21, 2012, defendant filed a collection action against plaintiff in the Circuit Court of Franklin County, Missouri, in two counts. Count 1 was for account stated and Count 2 for breach of contract. Count 1 alleged that Citibank and plaintiff Hipps had prior credit card transactions on a card issued to her at her request; Citibank sent her monthly statements to which she did not object; pursuant to the terms and conditions sent to plaintiff, by using the credit card, she made an unconditional promise to pay the amount due on the card; the balance on plaintiff's credit card is $999.50; and defendant failed to pay the balance after a demand. (Doc. 34-5; Doc. 38-4 at 1.) Count 2 alleged Citibank and plaintiff Hipps entered a credit card agreement whereby, in exchange for credit she agreed to pay what was due for using the credit card; Citibank abided by the terms of the agreement; plaintiff failed to make all payments and is default; defendant LVNV Funding holds a valid assignment of plaintiff's agreement with Citibank. LVNV demanded payment before February 27, 2007, but plaintiff failed to pay. (Doc. 38-4 at 1-2.)

When it filed the collection action, the only documents defendant LVNV had were the bill of sale, the purchase and sale agreement by which defendant purchased many accounts, including the Account Event History with oral statements attributed to plaintiff regarding the topic of dispute. (Doc. 34-1 at 5-7.) The record is unclear when, but there is deposition testimony that defendant requested original documents specifically from Citibank on plaintiff's credit account, such as an application for the account, a card member agreement, or a statement, before the collection suit was filed. (Doc. 34-1 at 7-9.) Nevertheless, when it filed suit it still did not have these specific, original account documents. (Doc. 34-1 at 7-8.) On June 4, 2012,

plaintiff's counsel entered an appearance on her behalf. (Id.) Despite plaintiff's discovery requests, defendant produced no documents related to the account. (Id.) Defendant unsuccessfully attempted to obtain additional account documents from Citibank. (Id. at 6.) On June 13, 2012, defendant voluntarily dismissed the state collection action. (Doc. 34-5.)

## IV. SUMMARY JUDGMENT STANDARD

Courts must grant summary judgment when the pleadings and evidence demonstrate that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A fact is "material" if it could affect the ultimate disposition of the case, and a factual dispute is "genuine" if there is substantial evidence to support a reasonable jury verdict in favor of the nonmoving party. Rademacher v. HBE Corp., 645 F.3d 1005, 1010 (8th Cir. 2011). Stated another way, the party defending the motion must "make a showing sufficient to establish the existence of an element essential to that party's case, an on which that party will bear the burden of proof at trial." Catrett, 477 U.S. at 322. The court must view the evidence in the light most favorable to the nonmoving party and accord it the benefit of all reasonable inferences. Scott v. Harris, 550 U.S. 372, 379 (2007).

## V. DISCUSSION

### A. Fair Debt Collection Practices Act claim

Plaintiff alleges that defendant violated the Fair Debt Collection Practice Act. The purpose of the Fair Debt Collection Practices Act is "to eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 559 U.S. 573, 577 (2010); 15 U.S.C. § 1692(e). The Act prohibits debt collectors from engaging in harassment or abuse, false or misleading representations, or unfair practices. 15 U.S.C. §§ 1692d-1692f. It further authorizes private causes of action against debt collectors that fail to comply with any provision of the Act. 15 U.S.C. § 1692k. "The [Act] is a strict liability statute and is liberally construed to protect consumers." Zortman v. J.C. Christensen & Associates, Inc., 870 F. Supp. 2d 694, 702 (D. Minn. 2012); Hage v. Gen. Serv. Bureau, 306 F. Supp. 2d 883, 887 (D. Neb. 2003) (citing

Johnson v. Riddle, 305 F.3d 1107, 1117 (10th Cir. 2002)).  The unsophisticated consumer test determines whether conduct constitutes false or misleading representations.  Duffy v. Landberg, 215 F.3d 871, 874 (8th Cir. 2000).  The test is "designed to protect consumers of below average sophistication or intelligence [but also contains] an 'objective element of reasonableness' that 'prevents liability for bizarre or idiosyncratic interpretations of collection notices.'"  Peters v. Gen. Serv. Bureau, Inc., 277 F.3d 1051, 1055 (8th Cir. 2002).

Defendant seeks summary judgment because, when it filed the debt collection suit against plaintiff, it complied with Missouri Supreme Court Rule 55.03.  Rule 55.03 provides in relevant part:

> (c) Representation to the Court.  By presenting and maintaining a claim . . . [a] party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, that:
> * * *
> (3) The allegations and other factual contentions have evidentiary support or, is specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

Mo. S. Ct. R. 55.03(c)(3).

### Claim of false representation or deceptive means

Plaintiff alleges that defendant violated the FDCPA by using a false representation or deceptive means to collect a debt by bringing a collection action against her with insufficient documents and without the ability or intention of obtaining such documents.  In Hinten v. Midland Funding, LLC, 2013 WL 5739035 (E.D. Mo. 2013), this court recognized a similar claim as cognizable under the FDCPA.  Specifically, the court required proof that "at the time it commenced the action, defendant possessed insufficient evidence and intended not to further investigate."  Id. at *8; see Samuels v. Midland Funding, LLC, 921 F.Supp.2d 1321, 1331 (S.D. Ala. 2013); Royal Fin. Grp., LLC v. Perkins, 2013 WL 4419343, *4 (Mo. Ct. App. 2013); 15 U.S.C. § 1692e(5).

The court agrees with defendant that the appropriate standard for determining whether it commenced the debt collection action with sufficient information to satisfy the FDCPA's prohibition of using a false representation or a deceptive means, under the facts plaintiff alleges, is found in Missouri Supreme Court Rule 55.03(c)(3).  This is among the standards Missouri law

applies to the commencement of litigation.  Lambert v. Warner, 379 S.W.3d 849, 858 (Mo. App. 2012) ("By submitting a pleading to a court, litigants certify the reasonable accuracy of the legal and factual allegations made therein.")  As quoted above, that rule requires a claimant, when it commences an action in Missouri circuit court to have evidentiary support for its cause of action or to be likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

The record is factually clear that while defendant might not have had sufficient evidence to sustain each of the allegations in its state court debt collection action when it filed the case, it thereafter had a reasonable opportunity for further investigation or discovery to obtain sufficient evidence of its claims.  The proffered evidence is clear that defendant had the legal right to seek satisfaction of the debt outstanding on the Sears-Citibank card account.  Plaintiff had made payments on the account, but refused for a reason expressed to defendant that was unrelated to the genuineness of her responsibility to pay.

In the state collection action, defendant alleged one account stated claim and one breach of contract claim.  (Doc. 38-4.)  At the time of the commencement of the action, defendant had the records from Citibank and the records of its own debt collection efforts, which included a summary of a telephone conversation with plaintiff and payments made on the account.

Under Missouri law, "[t]o make a submissible case for breach of contract claim, a plaintiff must allege and prove: (1) a mutual agreement between parties capable of contracting; (2) mutual obligations arising out of the agreement; (3) valid consideration; (4) part performance by one party; and (5) damages resulting from the breach of contract." Norber v. Marcotte, 134 S.W.3d 651, 658 (Mo. Ct. App. 2004).  "To establish a cause of action [for a claim of] account stated, seller must prove (1) the parties had prior financial dealings, an open account; (2) the parties reached an agreement as to the amount due and owing on that account; and (3) buyer acknowledged this obligation and made an unconditional promise to pay." Spartan Carpet Distributors, Inc. v. Bailey, 728 S.W.2d 236 (Mo. Ct. App. 1987).  Plaintiff does not contend that defendant had no breach of contract or account stated claim; that is, plaintiff's arguments appear to concede that if plaintiff's former spouse was not deceased, defendant would have viable claims against him.  (See Doc. 39 at 3 ("At the time of his death, [plaintiff's former spouse] had charge accounts with J C Penney, Dillard's and Sears.").)  Rather, plaintiff's argument focuses on the lack of evidence supporting the contention that plaintiff was a party to the credit

agreement and specifically, the absence of the account application, monthly statements, or cardmember agreement.

However, defendant had within its possession the records from Citibank representing that plaintiff was a party to the contract. (Doc. 34-2 at 7-19.) Further, records from both Citibank and defendant indicated payments on the account after her husband's death. (Id. at 11; Doc. 32 at 7.) Additionally, the summary of the telephone conversation documented in defendant's records includes plaintiff's statement that she shared the card with her former spouse. (Doc. 32 at 3.) The record of defendant's claim against plaintiff, at the time the state court collection action was filed does not objectively indicate that it was apparent to defendant that it had no case against plaintiff.

Accordingly, the court sustains defendant's motion for summary judgment on plaintiff's FDCPA claim that defendant brought the state court collection action against plaintiff with insufficient documents and without the ability or intention of obtaining such documents.

Claim that the debt collection action was time barred when filed

Plaintiff alleges defendant violated the FDCPA by filing a time-barred collection against her. In Freyermuth v. Credit Bureau Servs., Inc., 248 F.3d 767 (8th Cir. 2001), the Eighth Circuit held that "in the absence of a threat of litigation or actual litigation, no violation of the FDCPA has occurred when a debt collector attempts to collect on a potentially time-barred debt that is otherwise valid." Id. at 771. Therein, the court relied on Kimber v. Fed. Fin. Corp., 668 F. Supp. 1480 (M.D. Ala. 1987), which "held that the debt collector's filing of a lawsuit on an apparently time-barred debt, without having first determined after a reasonable inquiry that the limitations period had been tolled, was a violation of the FDCPA." Freyermuth, 248 F.3d at 771. Although the Eighth Circuit did not expressly adopt the holding of Kimber, it noted several similar cases and that each case required the threat or actual filing of litigation to show a violation under the FDCPA. Id. This court agrees with the reasoning of Kimber and concludes that plaintiff alleges a cognizable action under the FDCPA. The court notes that Kimber limited debt collectors from the filing of lawsuits that appeared to be time-barred when filed rather than filing suits that were later determined to be time-barred. Thus, the relevant inquiry is not whether the statute of limitations barred the collection action but whether the statute of

limitations appeared to bar the collection action from the perspective of the debt collector at the time the debt collection action was filed.

No evidence has been proffered by plaintiff to show that the debt appeared to be time-barred from the perspective of defendant when the suit was filed. Under Missouri law, collection actions must be filed within five years of the date of the last payment on the account. Mo. Rev. Stat. § 516.120(1); Eckert v. LVNV Funding LLC, 647 F. Supp. 2d 1096, 1104 (E.D. Mo. 2009) (citing McEntee v. Halloran, 391 S.W.2d 266, 268 (Mo. 1965)). Defendant's records reflect that a payment was made on the account on February 27, 2007. (Doc. 32 at 7.) On February 21, 2012, defendant filed the collection action against plaintiff for the account in Missouri state court. (Doc. 34-5; Doc. 38-4.) Although plaintiff disputes the veracity of the records, plaintiff does not contend that defendant intentionally falsified the records or had reason to question their accuracy. Moreover, the record reflects that plaintiff did not dispute the veracity of the records regarding the date of her last payment until her deposition on April 23, 2013. (Doc. 34-3 at 16.) Because plaintiff offers no evidence that the statute of limitations appeared to bar the collection action at the time of commencement of the state action, the court sustains defendant's motion for summary judgment on plaintiff's FDCPA claim regarding the filing of a time-barred action.

### B. Malicious Prosecution

Plaintiff also alleges a Missouri state law claim for malicious prosecution. Defendant argues that plaintiff fails to satisfy the element of probable cause. "In order to recover for malicious prosecution, a plaintiff must prove the following six elements: (1) the commencement of a prosecution against the plaintiff; (2) the instigation of the prosecution by the defendant; (3) the termination of the proceeding in plaintiff's favor; (4) lack of probable cause for the prosecution; (5) that defendant's conduct was motivated by malice; and (6) plaintiff was damaged as a result." Holland v. Healthcare Servs. of Ozarks, 347 S.W.3d 166, 168 (Mo. Ct. App. 2011). "Probable cause for a civil suit means a reasonable belief in the facts alleged, plus a reasonable belief that the claim may be valid." State ex rel. Police Ret. Sys. of St. Louis v. Mummert, 875 S.W.2d 553, 555 (Mo. 1994). "[W]here the facts are not in dispute the determination of whether there was probable cause is one of law for the court, not a question of fact for the jury." Alexander v. Laclede Gas Co., 725 S.W.2d 129, 130 (Mo. Ct. App. 1987).

The evidence in defendant's possession at the time of commencement of the state action, as set forth above, is not disputed.  The evidence by itself provides a sufficient basis for forming a reasonable belief in plaintiff's liability for the debt, and plaintiff does not allege that defendant intentionally fabricated such evidence or knew that the evidence was falsified.  The court concludes that such evidence establishes probable cause and sustains defendant's motion for summary judgment on plaintiff's malicious prosecution claim under Missouri law.

## VI.  CONCLUSION

For the reasons stated above, the motion of defendant LVNV Funding, LLC, for summary judgment against plaintiff Joyce Hipps (Doc. 33) is sustained.  A judgment order dismissing the action with prejudice is issued herewith.


/S/   David D. Noce
**UNITED STATES MAGISTRATE JUDGE**


Signed on December 13, 2013.